M. GRAU & SONS, APPELLANTS, *v.* THE REGISTRAR OF SAN GERMÁN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Denying Admission to Record of an Instrument Acknowledging a Debt and Creating a Mortgage.

No. 258.—Decided January 25, 1916.

CONTRACTS—NOTARY PUBLIC—RELATIVE OF NOTARY.—A contract executed before a notary is not void because he is a relative within the fourth degree of consanguinity of one of the parties thereto, but provisions therein in favor of relatives of the notary who attested the instrument shall be of no effect.

Id.—Notary Public—Copies of Documents—Substituted Notaries.—There is no provision of law by which a substituted notary is forbidden to issue copies of documents executed in his protocol by his substitute.

Id.—Witnesses to Contract—Age of Witnesses.—Section 10 of the Notarial Act requires only that the names and residences of witnesses shall be set forth, and failure to state the age of the witnesses in the instrument does not constitute a defect.

Revenue Stamp—Notary Public.—Act No. 34 of 1912 imposes no other duty regarding the stamp of the denomination of one dollar required on notarial documents, except those executed in the course of official business, than that the stamp shall be affixed and canceled, and makes the notary who fails to comply with such provisions punishable by a fine of one hundred dollars; but neither that act nor any other law provides that copies of instruments shall state that the stamp was affixed and canceled, therefore the omission to state the fact of the cancellation is not a defect.

Id.—Id.—Excise Tax.—The revenue stamp is not a part of the document, but only proof that the excise tax has been paid, and although it does not appear from the copy that the stamp was affixed and canceled, it is none the less a literal transcript of the document executed by the parties; nor does the registrar incur any liability in recording a document in which the notary failed to comply with the act or in which it does not appear that he complied with it, for he is liable only when he records the document without affixing and cancelling the stamp required for such recording.

The facts are stated in the opinion.

*Mr. Angel A. Vázquez* for the appellant.

The respondent registrar appeared *pro se.*

Mr. Justice Aldrey delivered the opinion of the court.

Juan María Palmer Irizarri executed an instrument acknowledging a debt to M. Grau & Sons and creating a mortgage in their favor before Notary Juan Quintero González, acting as substitute for Notary Mariano Riera Palmer because the latter was a nephew of the said Juan María Palmer Irizarri. A copy of the said deed having been issued by Notary Riera Palmer, the Acting Registrar of Property of San Germán refused to record the same for the following incurable defects:

1. Because the substitution of Notary Quintero in the protocol of Notary Riera Palmer in nowise affects the legal capacity of the latter.

2. Because the copy of the instrument is issued by Notary Riera Palmer, nephew of one of the parties thereto.

The registrar also found the following curable defects in the instrument:

(*a*) That it does not state the ages of the witnesses:

(*b*) That the copy presented in the registry does not state whether an internal-revenue stamp was affixed to the original and canceled.

M. Grau & Sons took the present appeal from that decision and pray for a reversal of the same and for an order that the instrument be recorded without the defects pointed out by the registrar.

In support of the first incurable defect the registrar maintains that the substitution of Notary Quintero in no respect affects the legal capacity of Notary Riera Palmer and that as the latter could not attest the instrument because he was a relative within the fourth degree of consanguinity of one of the parties thereto, the substitute could not do so, for, as held by the Directorate of Registries of Spain in its decision of December 28, 1883, a substitute is subject to the prohibitions placed upon the person he substitutes.

Even if we admit the soundness of that decision, which is the only decision on the point, and even conceding that Notary Riera Palmer attested the instrument executed by his relative, the contract would not be null and void because it is not included in section 20 of the act which enumerates what contracts shall be null and void; and the only condition imposed thereon by section 21 is that provisions in favor of relatives of the notary who attested the instrument in which said provisions were made shall be of no effect. Said sections read as follows:

"Section 20.—The following public instruments shall be null and void:

"1st. Those in which the notary authorizing same has intervened as a party thereto, or which contain any provision in his favor.

"2nd. Where the relatives of the parties concerned therein, or the relatives, clerks or servants of the notary authorizing the instrument, are witnesses thereto.

"3rd. Those in which the notary fails to certify as to his knowledge of the parties, or to supply this deficiency with witnesses of identification, or where the signature of the parties and witnesses, and the signature, mark and rubric of the notary, when requested (*sic*), do not appear.

"Section 21.—Provisions in favor of relatives within the fourth degree of consanguinity or second of affinity, of the person certifying, as a notary, the instrument wherein said provisions are made, shall be of no effect."

In the present case there is no provision whatever in favor of Palmer Irizarri, for he contracts obligations only, inasmuch as he acknowledges a debt and encumbers his property to secure the payment thereof; therefore the instrument is neither null and void nor are any of its provisions inoperative, and it does not contain the incurable defect assigned by the registrar. Decision of the Directorate of Registries of Spain of January 27, 1877.

The registrar bases the second alleged incurable defect upon a provision of the regulations of the Notarial Law in force until 1906. But section 41 of the act now in force and effect expressly repealed the said regulation and therefore we cannot consider the same in deciding the question before us. By section 23 of the act of 1906 the notary before whom the instrument was executed, or the person who is lawfully in charge of the protocol, may issue copies of such instruments, and therefore the instrument having been executed in the protocol of Notary Riera Palmer and in his name by his substitute, the former was entitled to issue the copy which was presented in the registry; for there is no provision in our statutes which prescribes that he shall not issue copies of instruments which another attested for him. Moreover, the inhibition of section 8 refers only to the attestation of instruments and not to the issuance of copies thereof, which are simply literal transcripts of the instruments certified to be exact; therefore the copy which was presented in the registry of property is recordable.

As to the curable defect of failure to state the ages of the witnesses in the instrument, although section 13 of the notarial act provides that no public instrument, save those provided for in special cases,—that is, those provided for in section 22 relating to wills and other *mortis causa* dispositions,—shall be authenticated unless executed in the presence of two witnesses, and that persons who do not know how to sign, relatives, clerks or servants of the certifying notary, and relatives of the parties in interest, within the fourth degree of consanguinity or second degree of affinity, shall not be admitted as such witnesses, section 10 requires only that their names and residences shall be set forth, and there is no provision of law which requires that their capacity shall be made to appear; wherefore the lack of this detail does not constitute a defect. Decisions of the Directorate of Registries of Spain of October 23 and December 5, 1903; February 5 and July 20, 1904.

The last ground of appeal rests on whether the fact that the copy presented for record omitted to state that an internal-revenue stamp was canceled on the original instrument, as required by Act No. 34 of 1912, constitutes a curable defect.

The respondent registrar maintains that this question was disposed of by us in the case of *González* v. *The Registrar of Arecibo,* 19 P. R. R. 1011, and while in that case the registrar returned the instrument without taking any action on it because it did not show whether such internal-revenue stamp had been attached and canceled on the original, what this court held was that it was the duty of the registrar to pass on the document and record the same or refuse to admit it to record, but that he could not return it without taking any action. In that case this court deemed itself called upon to decide that point only and although it was suggested that the failure to state in the copy of the instrument that the stamp had been canceled on the original was a curable defect, we also said that the grounds on which the appellant based his appeal were perhaps well taken, but that we were unable

to review the same until a decision of the registrar absolutely refusing to record the instrument or admitting the same with curable defects should be submitted to our consideration. Therefore, that case cannot be relied on in support of the decision of the registrar.

The said Act No. 34 of 1912 imposes no other duty regarding the stamp of the denomination of one dollar required on notarial documents, except those executed by officials in the course of official business, than that the stamp shall be affixed and canceled, and makes the notary who fails to comply with such provision punishable by a fine of one hundred dollars. The same obligation and penalty is imposed upon registrars who fail to affix and cancel another stamp of the same denomination upon recording an instrument, but neither that act nor any other law provides that copies of instruments shall state that the stamp was affixed and canceled; therefore the omission to state the fact of the cancellation is not a defect. It is true that a copy issued by a notary should be a literal transcript of the document, as required by section 23, but as the internal-revenue stamp referred to is not a part of the document and only proof that the excise tax has been paid, the failure to state that the stamp was affixed and canceled does not make the copy any the less a literal transcript of the document executed by the parties; nor does the registrar incur any liability in recording a document in which the notary failed to comply with the act or in which it does not appear that he complied with it, for he is liable only when he records the document without affixing and canceling the stamp required for such recording.

The decision appealed from is reversed and it is ordered that the document be recorded without defects of any kind.

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.